**Allan Mark LaCAFFINIE, an Individual, and Allan Mark LaCaffinie and Vincent James LaCaffinie, t/d/b/a Vince's Electrical Services, Appellants,**

v.

**MIRK, INCORPORATED, an Ohio Corporation, Appellee.**

**Appeal of Allan Mark LaCAFFINIE and Vincent James LaCaffinie.**

Superior Court of Pennsylvania.

Argued April 16, 1998.

Filed Oct. 23, 1998.

Gerald V. Benyo, Jr., Pittsburgh, for appellants.

John H. Williams, Pittsburgh, for appellees.

Before DEL SOLE, TAMILIA and EAKIN, JJ.

EAKIN, Judge:

Appellants appeal from the order denying their "Petition Pursuant to Pa.R.C.P. 3051—Relief From Judgment of Non Pros." We affirm.

On June 24, 1992, Allan Mark LaCaffinie was injured. On June 14, 1994, counsel was retained to initiate a products liability claim against appellee. The Prothonotary of Allegheny County issued a Writ of Summons June 24, 1994, one day before the statute of limitations expired.[1] No further entries appear on the docket except for service of a Notice of Deposition of Designated Representative in October 1996. Due to the inactivity on the docket, appellee filed a Petition For Judgment of Non Pros. The trial court granted appellee's petition pursuant to *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (Pa. 1992), and appellants took a direct appeal. We quashed the appeal *sua sponte* without prejudice pursuant to *Xu v. Montefiore Hospital*, 422 Pa.Super. 114, 618 A.2d 1043 (Pa.Super.1993) (requiring relief from judgment of non pros to be sought only by petition and not by direct appeal). Thereafter, appellants filed a petition to remove the judgment of non pros, which the trial court denied. This appeal follows.

■ In order to remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed, (2) the delay must be reasonably explained, and (3) facts must be shown to exist which support a cause of action. *Gohel v. Montgomery Hospital*, 698 A.2d 653 (Pa.Super.1997); Pa. R.C.P. 3051(b)(3). Additionally, a petition for relief from a judgment of non pros must have attached a verified copy of the complaint which the petitioner seeks leave to file. Pa.R.C.P. 237.3.

■ A trial court's denial of a petition to open a judgment of non pros is reviewed using an abuse of discretion standard. *Pine Township Water Co., Inc. v. Felmont Oil Corp.*, 425 Pa.Super. 473, 625 A.2d 703 (Pa.Super.1993), *appeal denied*, 537 Pa. 665, 644 A.2d 1202 (Pa.1994).

In April 1998, our Supreme Court reversed *Penn Piping* in *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (Pa.1998), *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (Pa.1998), and *Marino v. Hackman*, 551 Pa. 369, 710 A.2d 1108 (Pa.1998). In these cases the Court abandoned the presumption of prejudice enunciated in *Penn Piping* and held a defendant must establish actual prejudice from the delay before non pros is appropriate. Appellants suggest the reversal of *Penn Piping* in *Jacobs*, *Shope* and *Marino* prohibited the trial court from entering the judgment of non pros without first determining appellee actually suffered prejudice.

■ While appellants accurately state the change in the law, their petition still needed to meet the three required elements set forth in Pa.R.C.P. 3051. Where a non pros is based on inactivity, a request for relief from the non pros must include a recitation of the facts upon which a meritorious claim is based. Here, no complaint has been filed, nor was a complaint attached to the petition for relief. No facts were alleged in the petition describing the basis of the cause of action. It remains incumbent upon a party seeking relief from a judgment of non pros to set forth the basis of a meritorious claim. The abandonment of the presumptive prejudice of *Penn Piping* does not equate to the abandonment of Rule 3051.

Appellants have failed to meet the obligations necessary to grant them relief from the non pros. The decisions in *Jacobs*, *Shope* and *Marino* specifically recognize the longstanding requirements for removal of a judgment of non pros, and do not relieve a party

---

**1.** *See* Paragraph 1 of appellants' Petition Pursuant to Pa.R.C.P. 3051—Relief From Judgment Of Non Pros, dated October 7, 1997, indicating the writ was filed June 24, 1994. The docket entries in the certified records are illegible.

seeking to remove a non pros of the need to comply with the Rule.

Order affirmed.