**Phyllis SULLIVAN, Appellant,**

v.

**BELMONT CENTER FOR COMPREHENSIVE TREATMENT, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 28, 2003.
Filed April 26, 2004.

Aaron S. Friedmann, Philadelphia, for appellant.

Robert B. Mulhern, Jr., Philadelphia, for appellee.

Before: DEL SOLE, P.J., HUDOCK and TODD, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Phyllis Sullivan appeals from the order of court denying her petition to remove a *non pros* judgment. Upon review, we affirm.

¶ 2 Appellant allegedly suffered injuries from a slip and fall accident that occurred on Belmont Center for Comprehensive Treatment (Belmont's) property on February 5, 1997. The matter was instituted by a complaint filed January 6, 1999. Apparently, the matter was erroneously assigned to and proceeded through the Complex Litigation Center in Philadelphia. The matter was assigned, through the Center, with the wrong attorney ID number for Appellant's attorney. Accordingly, the attorney of record was mistakenly listed as Barry Isenman, when Aaron S. Friedmann was and remains Appellant's counsel.

¶ 3 On April 21, 1999, the trial court dismissed the complaint, entering an order of *non pros* in favor of Belmont. Appellant then filed a motion to vacate the *non pros* order on May 9, 2002. The trial court granted this motion on June 26, 2002.

¶ 4 Belmont filed a motion to vacate the June 26th order on July 30, 2002. This motion was granted on September 16, 2002, and *non pros* was again entered in favor of Belmont. Appellant once again filed a petition to vacate the *non pros* order. The trial court denied this motion on November 26, 2002. Appellant filed the present appeal.

¶ 5 On appeal, Appellant raises a single issue for our review:

> Whether Judge Abramson erred in affirming the lower court's finding that Plaintiff's delay in prosecution of their case was not accompanied by a reasonable or legitimate excuse nor by a showing of a meritorious cause of action.

Appellant's Brief at 6.

■ ¶ 6 A trial court's denial of a petition to open a judgment of *non pros* is reviewed using an abuse of discretion standard. *LaCaffinie v. Mirk, Inc.*, 719 A.2d 361, 362 (Pa.Super.1998). In order to remove a judgment of *non pros*, three elements must be met: (1) a petition to open must be promptly filed, (2) the delay must be reasonably explained, and (3) facts must be shown to exist which support a cause of action. Pa.R.C.P. 3051(b)(3); *See also LaCaffinie*, 719 A.2d at 362.

■ ¶ 7 First we must address the procedural development of this case. In June 2002 the trial court granted Appellant's motion to remove the *non pros*. In July 2002, Belmont filed a motion to vacate that order, on the basis that no papers had ever been served on it regarding this lawsuit and it, therefore, did not have an opportunity to respond to Appellant's motion to lift the *non pros*.[1]

---

1. We note that the affidavit of service for the 1999 Complaint was not sworn to before a Notary Public until April 17, 2002 and not actually filed with the Prothonotary until July 10, 2002.

¶ 8 In September 2002, the trial court issued an order vacating the June order because there was no proof that Defendant had been served with the petition. That order gave Appellant leave to re-file its petition and to ensure Belmont was served with the petition. Appellant filed its second petition to remove the *non pros*. In considering this petition, the trial court concluded that the elements necessary to remove a *non pros* were not established. We agree.

¶ 9 Initially, we note that there was a three-year delay in filing the petition to remove the *non pros*. The *non pros* was entered in April 1999 and the petition to remove the *non pros* was not filed until May 2002. Thus, on its face, it does not appear that the petition was timely filed. While we agree that the typographical error that occurred in assigning the matter in the court system may have caused some delay in counsel being aware that a *non pros* had been entered, we believe an attorney working diligently on behalf of his client would have discovered the entry of *non pros* prior to the expiration of three years. Additionally, several factors should have triggered inquiry into the case by counsel. Had Appellant not received an answer within procedural time limits, Appellant could have sought entry of a default judgment. Moreover, the Philadelphia Common Pleas Court operates under a system through which case management orders are issued immediately for each case. Appellant's failure to receive such an order would have been cause for inquiry into the situation. Thus, we cannot agree that Appellant's three-year delay in filing its petition to remove *non pros* was excusable. Thus, we find that the petition was not timely filed.

¶ 10 Additionally, we cannot agree that there was a reasonable explanation or legitimate excuse for the inactivity or delay.

As noted before, we acknowledge that given the circumstances of this case, some delay in prosecuting this case would have been legitimately excusable. However, there is no reasonable explanation or legitimate excuse for failing to attempt to prosecute the case for three years. There is no evidence that any activity, docket or non-docket, was taken on this case in the three years prior to Appellant's petition to remove the *non pros*. Thus, we cannot agree with Appellant that the delay in prosecution of this case was reasonable and legitimate. Accordingly, the trial court properly denied Appellant's petition to remove the entry of *non pros*.

¶ 11 Order affirmed.