**Mumford v. Stetler & Gribbin**

C.P. of York County, no. 2004-SU-2726-Y01.

*Dennis L. Abramson* and *Gilbert B. Abramson,* for plaintiff.
*Timothy J. McMahon,* for defendant.

KENNEDY, *J.,* April 28, 2005—

## FACTS

The plaintiff in this case, Edward G. Mumford, has filed suit against the defendant, Jill A. Dietrich-Gilden, Esq., for defamation, invasion of privacy, and punitive damages. The plaintiff has also brought an action against Ms. Dietrich-Gilden's employer, Stetler and Gribbin, Attorneys at Law, for those same claims, but instead basing them on the theory of respondent superior, and adding the claim of negligent supervision. The claims concern an incident at a Christmas party attended by Mr. Mumford, Ms. Dietrich-Gilden, and others, collectively referred to in the plaintiff's brief as the "York County business elite." During the party, Ms. Dietrich-Gilden is alleged to have made defamatory statements concerning the plaintiff by virtue of information obtained through her law firm's representation of a party adverse to the plaintiff, in litigation.

Pursuant to Rule 1042 of the Pennsylvania Rules of Civil Procedure, related to actions in professional liability, the defendants filed a praecipe for entry of judgment of non pros with the prothonotary of York County for plaintiff's failure to file a certificate of merit. Based on this praecipe and defendants' certification, the prothonotary issued a judgment of non pros against the plaintiff. Plaintiff now brings this petition to vacate judgment

of non pros asserting that the Rule 1042 certificate of merit requirement is inapplicable to this case.

## DISCUSSION

The issue in this case is whether or not, under the particular factual circumstances of this case, the plaintiff is entitled to relief from a judgment of non pros for failing to file a certificate of merit. More specifically, the question is whether or not a certificate of merit is required when the plaintiff's complaint contains counts of defamation, invasion of privacy, and punitive damages against the attorney of a party adverse to the plaintiff in litigation, as well as claims of respondeat superior and negligent supervision against that attorney's law firm. The claims stem from alleged defamatory statements made concerning the plaintiff that were based on information obtained by virtue of the law firm's representation of a party adverse to the plaintiff in litigation.

In order to obtain relief from a judgment of non pros by opening a judgment, a party must petition the court and allege facts indicating that the petition is timely filed, that there is a reasonable explanation or legitimate excuse for the inactivity or delay, and that there is a meritorious cause of action. Pa.R.C.P. 3051(b).

In this case, the plaintiff's petition to vacate the judgment of non pros was filed three days after entry of the judgment. We find the petition to be timely filed.

Turning next to whether or not the plaintiff's underlying claims constitute a meritorious cause of action, we find that they do. Based upon their brief, we understand defendants' argument on this point to be that the plaintiff is required to specifically state in his petition that his

claims are meritorious. Defendants argue that the plaintiff's petition says nothing of the merit of the claims. Defendants cite the Superior Court's holding in *LaCaffinie v. Mirk Inc.,* 719 A.2d 361 (Pa. Super. 1998), to argue "it is incumbent upon a plaintiff, pursuant to Pa.R.C.P. 3051(b)(3), to raise in his petition, averments which themselves demonstrate that the action that has been non prossed was a meritorious cause of action." Defs. brief in opposition ¶C. citing *LaCaffinie,* 719 A.2d 361 at 362. In fact, the phrase that the Superior Court uses to state the Rule 3051 requirements in *LaCaffinie* is, "It remains incumbent upon a party seeking relief from a judgment of non pros to set forth the basis of a meritorious claim." *LaCaffinie,* 719 A.2d 361 at 362. The court also states, "Where a non pros is based on inactivity, a request for relief from the non pros must include a recitation of the facts upon which a meritorious claim is based." *Id.*

In *LaCaffinie* the petitioner failed to file a complaint or to attach a complaint to her petition for relief from a judgment of non pros. *Id.* The court was essentially left in the dark with respect to the facts upon which the petitioner's complaint was based. Here the plaintiff has previously filed a complaint that is clearly referenced in the petition for relief. We believe that the circumstances of the case at bar distinguish plaintiff's position from that of the petitioner in *LaCaffinie* because this court has been fully apprised of the facts upon which plaintiff's claims are based, while the court in *LaCaffinie* had no such luxury. We find that plaintiff's petition and its reference to the complaint of record adequately demonstrates a recitation of the facts necessary upon which

plaintiff's claims for defamation, invasion of privacy, and respondeat superior are based.

Additionally, the Superior Court has held that a defense justifying relief from liability, if proved at trial, is a meritorious defense. *Duckson v. Wee Wheelers Inc.,* 423 Pa. Super. 251, 257, 620 A.2d 1206, 1209 (1993). This court can see no reason why this rationale should not also apply to a petitioner's allegations. In the case at bar, we believe that the claims of defamation, invasion of privacy, and respondeat superior, if proved at trial, would afford the plaintiff relief. For this reason, and those discussed previously, we find that the plaintiff's petition indicates a meritorious underlying cause of action.

The remaining issue is whether or not plaintiff's default or delay in failing to file a certificate of merit can be reasonably explained or legitimately excused. A certificate of merit must be filed in any case containing allegations that a licensed professional deviated from an acceptable professional standard. Pa.R.C.P. 1042.3. The rule also provides that the certificate of merit must include the statement of an appropriate licensed professional that indicates the care, skill, or knowledge, exercised or exhibited in the treatment, practice, work, that is the subject of the complaint, fell outside acceptable professional standards and that the conduct was a cause in bringing about the harm. Pa.R.C.P. 1042.3(a)(1).

Plaintiff argues that his claims are not claims of professional liability, and therefore they are not subject to the certificate of merit requirements of section 1042.3. Defendants contend that specific paragraphs of plaintiff's claim contain allegations sounding in professional liability, and therefore subject the complaint to the certificate of merit requirements.

Plaintiff's claims against defendant, Ms. Dietrich-Gilden, are for defamation, invasion of privacy, and punitive damages. The plaintiff's claims against Ms. Dietrich-Gilden's law firm are essentially the same as those against her in her individual capacity, but they are instead based on the theory of respondeat superior, and additionally contain the count of negligent supervision.

Based upon its brief, the court understands defendants' central argument to be that since specific paragraphs of plaintiff's claim sound in professional negligence, plaintiff's complaint must be considered one of professional liability, requiring the plaintiff to file a certificate of merit. The defendants list 12 paragraphs of plaintiff's 83-paragraph complaint, that they believe sound in professional legal malpractice. Of these 12 paragraphs, the court finds that seven do little more than describe the defendant's relationship with her employer, her scope of employment, or basic facts concerning the alleged incident. Def. brief ¶I. citing pls. complaint ¶¶5, 29, 65, 67, 68, 71, 77. One paragraph concerns how defendant Dietrich-Gilden became privy to information concerning the plaintiff. *Id.* ¶26. Another describes Ms. Dietrich-Gilden's possible motivation for divulging the information. *Id.* ¶70. One paragraph alleges that Ms. Dietrich-Gilden's law firm encouraged her to attend the function where the incident occurred. *Id.* ¶66. Another is a broad allegation of intentional, reckless, or negligent action by Ms. Dietrich-Gilden. *Id.* ¶30. And finally, one paragraph alleges violations of professional rules of conduct. *Id.* ¶50.

Except for the allegation concerning violation of the Pennsylvania Rules of Professional Conduct, we find each allegation properly set forth by the plaintiff in or-

der to help establish the personal liability counts alleged in the complaint. We will not interfere with the plaintiff's complaint by transforming an otherwise personal liability claim into one of professional negligence. As for the alleged professional conduct violations, such claims are improper as a basis for civil liability and therefore must be disregarded. See Pa. Rules of Professional Conduct, Preamble.

Therefore, if the ultimate outcome of this issue were simply to be decided on a determination of whether or not the allegations as pleaded constitute a claim for professional legal malpractice, we would find that they do not. However, this issue can be determined with a far more basic application of the law.

We believe that, in order to resolve this issue, the most prudent approach is to determine whether or not, under the circumstances of this case, the plaintiff could bring a cause of action for professional liability even if he chose to do so.

"The three elements of a cause of action for professional negligence (or legal malpractice) are: (1) the employment of the attorney or other basis for his duty to act as an attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." *Ibn-Sadiika v. Riester,* 380 Pa. Super. 397, 403, 551 A.2d 1112, 1115 (1988); *Veneri v. Pappano,* 424 Pa. Super. 394, 397, 622 A.2d 977, 978-79 (1993).

In this case there is no indication whatsoever that the defendant owed any professional duty to the plaintiff. The plaintiff was not a client of the defendants and there is no indication from the facts that there was any other basis for the defendants to act as the plaintiff's attor-

neys. Ms. Dietrich-Gilden was simply an attorney for the law firm that represented a party adverse to the plaintiff, in pending litigation. Therefore, the professional liability classification that the defendants would like us to attach to the plaintiff's complaint cannot be applied under these circumstances. Because lack of this critical element is dispositive as to whether a professional liability claim may stand, we need not address the remaining elements. We find that the plaintiff's complaint as pleaded could not stand as an action for professional liability, and thus we find the certificate of merit requirements of Rule 1042 to be inapplicable to plaintiff's claim.

## CONCLUSION

This court finds that the defendant owed no professional duty to the plaintiff through employment or otherwise, and therefore the claims against the defendant, Ms. Dietrich-Gilden, for defamation, invasion of privacy, and punitive damages are not professional liability claims subject to the certificate of merit requirements. For the same reasons, we must hold that the claims against the defendant, Stetler and Gribbin, Attorneys at Law, based upon the theory of respondeat superior and negligent supervision, are also not professional liability claims subject to the certificate of merit requirements. The judgment of non pros is vacated.

## ORDER

And now, to wit, April 28, 2005, upon consideration of plaintiff's petition to vacate judgment of non pros, it is hereby ordered and decreed that plaintiff's petition is granted.