**Carlos MADRID and Julliette Madrid, Appellants**

**v.**

**ALPINE MOUNTAIN CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 9, 2011.

Filed June 3, 2011.

Marc F. Greenfield, for appellants.

Hugh M. Emory, Paoli, for appellee.

BEFORE: BENDER, LAZARUS, and STRASSBURGER *, JJ.

OPINION BY LAZARUS, J.:

Carlos and Julliette Madrid ("the Madrids") appeal from the order entered in the Court of Common Pleas of Monroe County on May 4, 2010, denying their petition to open judgment of *non pros.* After careful review, we affirm.

Carlos Madrid allegedly sustained injuries while snow tubing on the premises of Alpine Mountain Corporation ("Alpine") on January 11, 2004. The Madrids brought a premises liability suit against Alpine on December 19, 2005. Depositions of the Madrids and Nick DeConti, a witness, were taken on January 24, 2007. A motion for summary judgment brought by Alpine was denied on May 29, 2007. Thereafter, additional depositions were taken of Alpine

employees. On September 15, 2007, the Madrids served Alpine with a supplemental request for admissions, which were timely answered. No further docket activity occurred.

On January 27, 2010, two years and four months after the Madrids' last docket activity in the case, Alpine filed a motion to dismiss for lack of prosecution. The Madrids responded and the trial court heard oral argument, after which it issued an order dismissing the Madrids' action on March 8, 2010. On March 29, 2010, the Madrids filed a notice of appeal to this Court, which they subsequently withdrew after the Superior Court Central Legal Staff informed counsel for the Madrids that their appeal may have been premature. On May 3, 2010, the Madrids filed a petition to open judgment of *non pros* pursuant to Pa.R.C.P. 3051, which was denied by order dated May 5, 2010. This appeal followed, in which the Madrids raise the following issue for our review:

DID THE TRIAL COURT ERR IN DENYING [THE MADRIDS'] PETITION TO OPEN JUDGMENT OF NON–PROS FOR ALLEGED LACK OF PROSECUTION?

Brief of Appellants, at 4.

█ "A request to open a judgment of *non pros,* like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of non pros to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action." *Jung v. St. Paul's Parish,* 522 Pa. 167, 560 A.2d 1356, 1358 (1989); Pa.R.C.P. 3051. A petition under Rule 3051 is the only means by which

* Retired Senior Judge assigned to the Superior Court.

relief from a judgment of *non pros* may be sought. *See* Pa.R.C.P. 3051, Comment. Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike. *Id.; Stephens v. Messick,* 799 A.2d 793, 798 (Pa.Super.2002). Finally, failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of *non pros. Id.* at 797, 800.

■ A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review. *Parkway Corp. v. Margolis Edelstein,* 861 A.2d 264, 265 (Pa.Super.2004) (citation omitted).

■ Prior to addressing the substance of the Madrids' appeal, we must determine whether they properly preserved the single issue they have raised on appeal. An appellant's failure to include an issue in his Rule 1925(b) statement waives that issue for purposes of appellate review. *Karn v. Quick & Reilly Incorporated,* 912 A.2d 329, 335 (Pa.Super.2006) (citation omitted). Here, the Pa.R.A.P. 1925(b) statement filed by the Madrids raises issues related only to the trial court's underlying grant of judgment *non pros.* Specifically, after reciting the procedural background of the matter, the Madrids assert the following:

a. In filing its Motion to Dismiss, [Alpine] must meet all three prongs of the test in question.

b. Since [Alpine] failed in proving that [the Madrids] demonstrated a want of due diligence in failing to proceed with reasonable promptitude, that there has been no compelling reason for the delay, and that the delay has caused some prejudice, the [Motion to Dismiss] should have been denied.

c. Therefore, [the trial court] erred in granting [Alpine's] Motion to Dismiss because [Alpine] failed to prove all three aspects of the requisite test.

Appellants' Concise Statement of Matters Complained of on Appeal, 6/21/10, at 2. In contrast, the Madrids framed their issue thusly in their brief on appeal:

Did the trial court err in [d]enying [the Madrids'] Petition to Open Judgment of Non–Pros for Alleged Lack of Prosecution?

Brief of Appellant, at 4.

Based upon the issues raised in the Madrids' Rule 1925(b) statement, the trial court issued a brief opinion pursuant to Rule 1925(a), in which it relied upon its previous opinion in support of its order granting judgment *non pros* and concluded:

We can find nothing in the Rules of Appellate Procedure which allows an appeal a second time in the same case *based on the same underlying order.* We respectfully request the Superior Court to quash this appeal as duplicative, untimely and in violation of the rules.

Trial Court Opinion, 6/21/10, at 1 (emphasis added). As the Madrids did not raise any issues related the trial court's denial of their petition to open in their Rule 1925(b) statement, the trial court was not provided an opportunity to address the matter. Rather, based on the manner in which the issues were framed in the Rule 1925(b) statement, the trial court appeared to be under the impression that the Madrids were again appealing its order granting judgment *non pros.* We have previously noted that:

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When

an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Karn,* 912 A.2d at 335 (citation omitted).

In light of the foregoing, we conclude that the Madrids have failed to preserve any issues related to the denial of their Rule 3051 petition to open. As such, any argument related thereto is waived. *See Karn, supra.* On that basis alone, we may affirm the order of the trial court.

■ However, even if we were not to have found the Madrids' issue waived for failure to raise it in their Rule 1925(b) statement, they would still be entitled to no relief. As stated above, in order to prevail on a petition to open under Rule 3051, a party must satisfy three elements: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action. *See Jung, supra;* Pa. R.C.P. 3051(b). Here, the Madrids have failed to satisfy two of the three elements under Rule 3051 and, as such, have waived all issues related to the underlying judgment of *non pros.*

First, the Madrids filed their petition to open 56 days after the entry of judgment of *non pros.*[1] We have previously held that unexplained delays of 37, 41, and 47 days render a petition to open untimely. *Hatgimisios v. Dave's N.E. Mint, Inc.,* 251 Pa.Super. 275, 380 A.2d 485 (1977); *Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 519 A.2d 500 (1986); *Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d 368 (1977).[2] The Madrids argue that their delay in filing "is reasonably explained because the filing of the petition was due to [the Madrids'] thought that the lower court's March 8, 2010 Order and opinion ... was a final and appealable order which required instant appeal to the Superior Court." Brief of Appellant, at 7. However, a brief review of Rule 3051 and the Comments thereto would have promptly disabused the Madrids of that faulty notion. As ignorance of procedural rules does not justify or provide a reasonable explanation for failure to comply, we find that the Madrids' petition was untimely. *See Parkway Corp.,* 861 A.2d at 269.

■ Second, and more significantly, the Rule 3051 petition filed by the Madrids failed to provide any explanation for the

1. The Madrids claim that their Rule 3051 petition was filed a mere 45 days after the judgment of *non pros* was entered. However, our own independent calculation reveals that the petition was filed 56 days thereafter.

2. The dissent asserts, based on the facts of *Schutte,* that we should exclude from our calculation the days during which the Madrids, having improperly filed an appeal to this Court rather than a petition to open under Rule 3051, were "operating under the mistaken belief that [they] had taken the steps necessary to protect [their] interests." Dissenting Opinion, at 387. In this regard, we note that the Madrids have only been able to sustain their action as long as they have due to the

intervention of this Court's Central Legal Staff. Indeed, had our staff not contacted them to suggest that their appeal was premature, the case would have proceeded to the merits panel, which would have been constrained to conclude that the Madrids had waived all claims by failing to file a petition under Rule 3051. *See Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996 (2001) (failure to file Rule 3051 petition prior to appeal operates as complete waiver of any claims of error concerning judgment of *non pros;* quashal inappropriate). Thus, we can see no reason to exclude from our calculation those days during which the Madrids were in contravention of the clear mandate of Rule 3051.

nearly 2½ year period of inactivity in the underlying civil matter which led to the grant of judgment of *non pros*.[3] Rather, in a clear misunderstanding of Rule 3051, the Madrids provided an explanation for the 56–day delay *in filing of the petition to open*. *See* Petition to Open Judgment of Non–Pros, 5/3/10, at ¶ 35. Where a party fails to provide a reasonable excuse for the delay in prosecution of the underlying claim, a petition to open is properly denied. *Sahutsky v. Mychak, Geckle & Welker, P.C.*, 900 A.2d 866 (Pa.Super.2006) (judgment of non pros properly entered where no reasonable excuse or explanation provided for delay); Pa.R.C.P. 3051(b)(2). In any event, the Madrids acknowledged at oral argument that "no reasonable excuse existed for the delay." Trial Court Opinion, 3/12/10, at 3. Thus, by their omission, as well as their admission, the Madrids have failed to satisfy the second element required under Rule 3051.

As the Madrids have failed to comply with the dictates of Rule 3051, we conclude that the trial court did not abuse its discretion in denying their request to open the judgment of *non pros*.[4]

Order affirmed.

Judge STRASSBURGER files a Dissenting Opinion.

## DISSENTING OPINION BY STRASSBURGER, J.:

I respectfully dissent.

A judgment of *non pros* protects a party from prejudice caused by an adverse party's unreasonable delay in pursuing claims. In *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), our Supreme Court held that prejudice could be presumed from two years of inactivity on the docket. However, in *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998), our Supreme Court rejected the *Penn Piping* presumption and required that a defendant show actual prejudice to secure a *non pros*.

The courts of Pennsylvania have long recognized the existence of the power of the court to enter a judgment of non pros in consequence of long delay of

---

3. While acknowledging the complete lack of activity by the Madrids for the nearly two-year period between September 2007 and July 2009, the dissent asserts that one attempt by the Madrids' counsel to contact counsel for Alpine Mountain by letter in July 2009 should serve to remediate the Madrids' prior period of extended inactivity. Thus, the dissent would excuse the Madrids' failure to provide an explanation in its Rule 3051 petition. We disagree. In *LaCaffinie v. Mirk, Inc.*, 719 A.2d 361 (Pa.Super.1998), cited by the dissent, this Court strictly enforced compliance with the three required elements set forth in Rule 3051, and denied relief because the appellant had failed to comply with the third prong of the rule, requiring the petitioner to show facts "to exist which support a cause of action." *Id.* at 362.

4. The dissent argues that, because a party is required to prove prejudice in order to receive a judgment of *non pros*, a party seeking to open such a judgment should be entitled to prevail if he is able to demonstrate a lack of prejudice. However, Rule 3051 does not provide for such a possibility. We acknowledge that the trial court's underlying decision to enter the *non pros* judgment may have been in error, in that the prejudice alleged by Alpine Mountain may not, in fact, have been sufficient to support such a judgment. However, for the reasons stated in this opinion, we are unable to reach the merits of the underlying judgment of *non pros*. As the dissent correctly notes, it is within the purview of the Supreme Court and its Rules Committee to make any changes they may deem necessary to the rule governing the opening of a *non pros*. As the law currently stands, a party must be found to have strictly complied with Rule 3051 before we may review the underlying judgment of *non pros*. Because the Madrids failed to do so, we are compelled to affirm the order of the trial court.

prosecution of a cause. This power originated in common law, prior to the passage of any statute. The grant of non pros was traditionally based not upon a statute of limitations, but rather upon the equitable principle of laches which does not involve the passage of a specific amount of time. Laches arises when a defendant's position or rights *are so prejudiced* by length of time and inexcusable delay, plus attendant facts and circumstances, that it would be an injustice to permit presently the assertion of a claim against him.

*Id.* at 1101–02 (internal quotations and citations omitted) (emphasis added in cited case).

In *Stephens v. Messick,* 799 A.2d 793, 797 (Pa.Super.2002), this Court set forth the requirements a defendant must show in order to obtain a judgment of *non pros:*

A court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death or unexplained absence of material witnesses.

*Id.* at 797 (citing *James Brothers Lumber Company v. Union Banking and Trust Company of Du Bois,* 432 Pa. 129, 247 A.2d 587, 589 (1968)). Thus, a trial court may not enter a judgment of non pros without finding that the defendant has suffered actual prejudice, even if there is no compelling reason for a delay. *Id.* at 798.

On the other hand, in ascertaining whether a party is entitled to relief from a judgment of *non pros,* a different test applies. We examine whether (1) the petition for relief was promptly filed, (2) there is a reasonable explanation for the delay that resulted in the entry of the *non pros,*

and (3) the petitioning party has a meritorious cause of action. *Florig v. O'Hara,* 912 A.2d 318, 323 (Pa.Super.2006). *See also* Pa.R.C.P. 3051(b).

There is some support for the proposition that the petition to open a judgment of *non pros* should be granted unless the respondent can show prejudice. In *Ledger v. Eddy,* 710 A.2d 1227 (Pa.Super.1998), filed 27 days after *Jacobs, supra,* this Court was faced with an appeal from an order denying appellant's request for relief from entry of a judgment of *non pros.* Without having first examined whether the Rule 3051 petition was promptly filed, offered a good excuse for the delay, and alleged a meritorious case, this Court remanded for a determination of whether the appellee suffered prejudice.

However, six months later in *LaCaffinie v. Mirk, Inc.,* 719 A.2d 361, 362–63 (Pa.Super.1998), without mentioning *Ledger, supra,* we stated:

In April 1998, our Supreme Court reversed *Penn Piping* in *Jacobs v. Halloran,* [ ], *Shope v. Eagle,* [551 Pa. 360, 710 A.2d 1104 (1998) ], and *Marino v. Hackman,* [551 Pa. 369, 710 A.2d 1108 (1998) ]. In these cases the Court abandoned the presumption of prejudice enunciated in *Penn Piping* and held a defendant must establish actual prejudice from the delay before *non pros* is appropriate. Appellants suggest the reversal of *Penn Piping* in *Jacobs, Shope* and *Marino* prohibited the trial court from entering the judgment of *non pros* without first determining appellee actually suffered prejudice.

While appellants accurately state the change in the law, their petition still needed to meet the three required elements set forth in Pa.R.C.P. 3051.... The abandonment of the presumptive prejudice of *Penn Piping* does not equate to the abandonment of Rule 3051.

Appellants have failed to meet the obligations necessary to grant them relief from the *non pros*. The decisions in *Jacobs*, *Shope* and *Marino* specifically recognize the long-standing requirements for removal of a judgment of *non pros*, and do not relieve a party seeking to remove a *non pros* of the need to comply with the Rule.

*Id.* at 362–63.

Hence, the state of the law is this: although a reasonable excuse for delay is not required to thwart entry of a *non pros* judgment, it is required to open one; despite actual prejudice being the *sine qua non* of a proper entry of a judgment of *non pros*, the question of prejudice is completely ignored when considering relief from one. This legal anomaly defies reason, and I implore our Supreme Court and its Rules Committee to rectify it in our jurisprudence.[5]

Because Appellee was required to show actual prejudice to get the *non pros*, Appellants should be entitled to have the *non pros* opened if the record does not show that Appellee suffered prejudice.

Appellee claims three ways in which it was prejudiced by Appellants' delays: (1) the death of witness Nicholas DeConti, (2) the diminished recollections of other witnesses, and (3) reduced access to documents since it currently leases the ski area to another entity. I see no merit in any of these arguments.

First, Mr. DeConti passed away in March 2007 while discovery was ongoing in the case. Any ill effects Appellee may suffer due to Mr. DeConti's unavailability cannot be related to any delay caused by Appellants. *See Florig*, 912 A.2d at 326–27 n. 11 (noting the death of a witness in the early stages of the litigation did not affect the progress of the case).

Second, Appellee has not demonstrated that any witness's recollection of the events is any worse now than it was two or three years ago. Appellee offers the affidavit of Matthew Zakrzewski, in which he states that he fits the description of the person who was working at the tubing hill on the date of the injury, but that he presently has no recollection of the incident. Appellee does not offer evidence that the lack of recollection is related to any delay caused by Appellants. To the contrary, the deposition testimony offered by Mr. DeConti before his death was that he spoke with Mr. Zakrzewski in early 2007, and even at that time Mr. Zakrzewski did not remember the incident. Appellee also names at this time another witness who was employed by Appellee at the time of the incident but who now is not, claiming that he will have diminished recollection of the events. Appellee offers no evidence that this witness ever had relevant information, let alone information that has been lost to time.

Third, Appellee claims that because it now leases the ski area to another entity, it "no longer has the kind of access to records and personnel which it had when it was both the owner and operator of the ski area." Appellee's Brief at 13. At most, this vague, unsupported claim establishes inconvenience, not actual prejudice.

Because Appellee failed to establish that it suffered actual prejudice as a result of any delay caused by Appellants, I would hold that the trial court erred in granting Appellee's motion to dismiss for lack of prosecution, and would open the judgment of *non pros*.

5. It should be noted that Rule 3051 was adopted in 1991 and amended in 1994, both prior to the *Jacobs* trilogy.

Even accepting the framework of Rule 3051, I still dissent because I believe the majority has misapplied the Rule 3051 standard. First, the majority holds that Appellants failed to file their petition for relief in a timely fashion. The majority counts 56 days between the entry of the *non pros* judgment and the date Appellants filed the petition, and cites prior decisions in which delays of less time than this were held to render the petition to open wanting for promptness. The majority does not exclude from its calculation the time during which Appellants awaited resolution of their first appeal.

While I agree with the majority that ignorance of procedural rules does not justify failure to comply, in prior cases we have excluded such time from our promptness calculation. For example, in *Stephens, supra,* the appellant also erroneously filed an appeal from the entry of the *non pros* judgment rather than file a petition for relief from the judgment of *non pros.* We determined that the appellant did not have a good excuse for waiting four years and two months between **the quashal of the appeal** and the filing of the Rule 3051 petition. *Id.* at 796. In *Schutte v. Valley Bargain Center,* 248 Pa.Super. 532, 375 A.2d 368 (1977), which the majority cites to show this Court has held a delay of 47 days rendered a petition untimely, we did not include in the calculation 44 days during which the appellant had been operating under the mistaken belief that it had taken the steps necessary to protect its interests.

In the instant case, Appellants filed their Rule 3051 petition a mere ten days after the Superior Court Central Legal Staff informed them that the appeal was likely premature. I would hold that Appellants' petition was promptly filed.

Second, the majority determined that Appellants did not provide an explanation for 2½ years of inactivity in the underlying case. While there was no **docket** activity, I do not believe that the record supports a finding of 2½ years of inactivity. There is no indication that Appellants failed to act diligently from the time the case was filed in December 2005 until the last docket entry in September 2007. In July 2009, Appellants' counsel contacted Appellee's counsel to inquire whether Appellee wished to schedule a medical examination of Appellant, and to inform Appellee that Appellants were ready to proceed with settlement negotiations or trial. Rather than respond to this letter, Appellee's counsel waited six months and then filed the motion for *non pros.* This is not a case that languished in the system for years without action. I would hold that the minor delays that preceded the entry of the *non pros* judgment were not unreasonable.

Third, the majority opines that Appellants failed to establish that they have a meritorious cause of action. The majority states that Appellants' averment that the record shows the existence of a valid cause of action, supported by the denial of Appellee's motion for judgment on the pleadings and motion for summary judgment, falls short of the requirement established by *Stephens, supra,* in which we noted that the appellant failed to "aver any specific facts elicited during discovery that would tend to show that her cause of action is meritorious." *Id.* at 800.

This in an inaccurate statement of the requirement that a party seeking relief from a judgment of *non pros* establish the existence of a meritorious cause of action. Our Supreme Court has explained this requirement "is satisfied if the claim as pleaded and proved at trial would entitle [the plaintiff] to relief." *Simmons v. Luallen,* 563 Pa. 589, 763 A.2d 810, 813 (2000). We have expressly rejected as

contrary to *Simmons* the *dicta* in *Stephens* cited by the majority:

> It bears mention that the citation by appellees to this Court's decision in *Stephens* [ ], which suggested in *dicta,* that the inquiry into whether a meritorious cause of action has been pleaded necessitates an examination of "facts elicited during discovery," is not persuasive. The Court in *Stephens, supra,* specifically held that a party could not evade the requirements of filing a petition under Pa.R.C.P. 3051, by relying on a petition for reconsideration and an improperly filed appeal. The Court did not specifically address the requirements of stating a meritorious cause of action, or otherwise alter the law as stated in *Simmons* [ ]. Moreover, since the decision in *Simmons, supra,* was rendered by the Pennsylvania Supreme Court, any inconsistencies between the two cases would be resolved in favor of following the law as stated by the Supreme Court.

*Florig,* 912 A.2d at 329 n. 14. Because Appellants' complaint alleges facts that, if proven at trial, would entitle them to relief, I would hold that they have established the existence of a meritorious cause of action.

As I believe that Appellants have met the requirements of Rule 3051, I would hold that the trial court erred in granting Appellee's motion to dismiss and would open the judgment of *non pros.*