J-S07018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AGNES ATUAHENE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA AGONDANOU | : | No. 1494 EDA 2022 |

Appeal from the Order Entered May 6, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  181200818.

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED APRIL 06, 2023**

Agnes Atuahene appeals, *pro se*, from the order denying her petition to open a judgment of *non pros*.  For the reasons below, we affirm.

According to Ms. Atuahene's Complaint, on December 11, 2014, her husband was driving her car through Philadelphia when Cynthia Agondanou rearended him.  Ms. Atuahene was not in the vehicle.  Mr. Atuahene filed a personal-jury suit against Ms. Agondanou which they settled.

Four years after the car accident, on December 7, 2018, Ms. Atuahene initiated this action to recoup the damages that Ms. Agondanou had caused to the vehicle.  Ms. Atuahene raised four counts in her Complaint:  (1) Property Loss Claim, (2) Uninsured/Underinsured Motorist Benefits, (3) Punitive Damages, and (4) Request for Delay Damages.  **See** Complaint at 3-5.  Ms. Agondanou never responded to the Complaint.  On October 1, 2019, Ms. Atuahene praeciped for a default judgment against her on the issues of liablity.

The case proceeded before three arbitrators, supposedly on the question of damages. Ms. Agondanou did not appear.

Instead of addressing damages, the arbitrators ruled against Ms. Atuahene on the issue of liablity. They held that "the statute of limitations ha[d] expired on this [property-damage] claim . . . ." Report and Award of Arbitrators, 10/15/19, at 1. Regarding her claim for uninsured/underinsured motorist benefits, the arbitrators found she "settled the underlying [benefits-insurance] case for $15K and signed a General Release." **Id.** Thus, they ruled that there was "no viable cause of action on which [Ms. Atuahene could] proceed." **Id.**

On November 14, 2019, Ms. Atuahene appealed the arbitrators' award and demanded a jury trial. The COVID-19 pandemic struck and delayed this case for a year and a half.

The trial court eventually scheduled a jury trial for June 25, 2021, but Ms. Atuahene did not receive the scheduling order. Thus, she failed to appear on June 25, 2021, and the trial court entered a judgment of *non pros* against her. She petitioned to open the judgment of *non pros*, which the trial court granted on December 14, 2021.

Two days later, the trial court entered an order rescheduling the jury trial to commence on March 7, 2022. The order also set the date to impanel the jury as March 4, 2022.

When March 4th arrived, Ms. Atuahene did not appear for jury selection,[1] and the trial court entered another judgment of *non pros*, "pursuant to Rule [of Civil Procedure] 218." March 4, 2022 Order. Ten days later, Ms. Atuahene petitioned to open the judgment of *non pros*. She alleged the United States Postal Service did not deliver the December 16, 2021 Order rescheduling jury selection and the trial. ***See*** Petition to Open Judgment of *Non Pros* at 1.

The trial court denied the petition to open. This timely appeal followed.

Ms. Atuahene raises two appellate issues:

1. Whether the trial court's entry of judgment of *non pros* under Pa.R.C.P. 218 for [Ms. Atuahene's] failure to appear for jury selection was entered without authority under Rule 218 and subsequent denial of Petition to Open Judgment of *Non Pros* constitute gross error of law and manifest abuse of discretion and should therefore be reversed?

2. Whether the trial court's order [denying the Petition to Open] was entered without due process and First Amendment Right to a fair hearing and deprived [Ms. Atuahene] of property rights under Article I, § 1 of the Pennsylvania Constitution?

Atuahene's Brief at 2. Ms. Atuahene's first issue is a compound question. We address its two sub-issues separately and then discuss her second issue.

## 1. Entry of Judgment of *Non Pros* under Rule 218

Ms. Atuahene's first sub-issue asks whether, under Pa.R.C.P. 218, the trial court had authority to enter the judgment of *non pros* at the time of jury

---

[1] There is no indication of the record as to whether Ms. Agondanou appeared for jury selection. She did not participate in this appeal.

selection. She argues the trial court misapplied Rule 218, because it imposed the judgment of *non pros* prematurely – *i.e.*, at jury selection (March 4, 2022), rather than at the time of trial (March 7, 2022). ***See id.*** at 8-15.

Before reaching the merits of this claim, we must consider whether Ms. Atuahene waived it by violating the Pennsylvania Rules of Appellate Procedure. "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Getting v. Mark Sales & Leasing, Inc.***, 274 A.3d 1251, 1257 (Pa. Super. 2022), *reargument denied* (June 14, 2022).

The trial court ordered Ms. Atuahene to file a Statement of Errors Complained of on Appeal, under Pa.R.A.P. 1925. In its order, the trial court "cautioned that any issues not properly included in the statement timely filed and severed pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." June 9, 2022 Order at 1.

Rule 1925(b) is very clear and very strict. Where, as here, a trial court has ordered an appellant to file a 1925(b) Statement, "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

To "preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Therefore, this "Court has held that strict

application of the bright-line rule in **Lord** necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders." **Greater Erie Industry Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 226 (Pa. Super. 2014) (*en banc*) (emphasis removed).

Here, the trial court followed **Greater Erie Industry Development Corp.** It provided Ms. Atuahene with sufficient notice of Pa.R.A.P. 1925(b) and its waiver provisions in the order directing Ms. Atuahene to filed a 1925(b) Statement. Thus, Rule 1925(b) compels us to limit our review strictly to those issues that she raised and thereby preserved in her Statement of Error Complained of on Appeal.

The issues that Ms. Atuahene preserved therein are as follows:

1. The reasons for the court's rulings, specifically the court's denial of [Ms. Atuahene's] Petition to Open Judgment of *Non Pros*, are vague and undiscernible from the record; the court has given absolutely no indication of the reason for the said denial of [the] Petition to Open Judgment of *Non Pros*, so it's absolutely difficult, if not impossible, to file instant Concise Statement of Errors Complained of on Appeal.

2. . . . the court, in entering the order denying [Ms. Atuahene's] Petition to Open Judgment of *Non Pros* violated the mandate of Pa.R.C.P. 237.3, First Amendment Right to fair hearing and/or trial, due process of law.

3. . . . the court, in denying [Ms. Atuahene's] Petition to Open the Judgment of *Non Pros* without issuing a Rule to Show Cause why the said petition should be denied or granted clearly violated [her] right to constitutional due process of law, in that [Ms. Atuahene's] right to notice of the deprivation of property and property rights grounded in Article I, § 1 of the Pennsylvania

Constitution and opportunity to defend and protect that right was violated.

4.      . . . the court, in denying [Ms. Atuahene's] Petition to Open the Judgment of *Non Pros* without issuing a Rule to Show Cause why the said petition should be denied or not denied or granted clearly violated [her] right to effective access to the court, specifically denial of notice and opportunity to a fair hearing or trial guaranteed under the First Amendment to deny [her] property rights.

5.      The court's order of April 28, 2022, without due process and First Amendment right to fair hearing or trial, deprived [Ms. Atuahene] of property rights under Article I, § 1 of the Pennsylvania Constitution.

6.      The court's order of April 28, 2022 clearly was entered in error of law and/or manifest abuse of discretion.

1925(b) Statement at 1-2 (some capitalization omitted).  Ms. Atuahene's first sub-issue – *i.e.*, whether "the trial court's entry of judgment of *non pros* under Pa.R.C.P. 218 for [her] failure to appear for jury selection was entered without authority under Rule 218 . . . ." – is absent for the above list.  Atuahene's Brief at 2.  Thus, she did not comply with Rule 1925(b), despite the trial court's warning that "any issue not properly included in the statement shall be deemed waived."  June 9, 2022  Order at 1.

Moreover, Ms. Atuahene's indication in her 1925(b) Statement that the "reasons for the court's rulings, specifically the court's denial of [Ms. Atuahene's] Petition to Open Judgment of *Non Pros*, are vague and undiscernible from the record" does not preserve this claim for our review.  In its order entering the judgment of *non pros*, the trial court identified Rule 218 as the basis for its authority.  **See** March 4, 2022 Order.  Ms. Atuahene knew

or should have known of the reason for the trial court's entry of judgment of *non pros* when she filed her 1925(b) Statement. Therefore, she had ample opportunity to apprise the trial court of her intent to challenge its application of Rule 218 at the time of jury selection. Instead, she informed the court that she intended to challenge its entry of judgment of *non pros*, pursuant to "the mandate of Pa.R.C.P. 237.3 . . . ." 1925(b) Statement at 1.

Because Ms. Atuahene identified Rule 237.3 as her appellate issue, the trial court analyzed that Rule in its 1925(a) Opinion, instead of Rule 218. As the trial court explained, Ms. Atuahene "argue[d] that the denial of her petition [to open the judgment of *non pros*] violated the mandate of Rule 237.3." Trial Court Opinion, 9/2/22, at 5. "However, as made clear in Rule 3051, . . . Rule 237.3 only relates to relief from a judgment of *non pros* entered pursuant to Rule 1037(a), which addresses *non pros* for failure to file a complaint." ***Id.*** at 5-6. "That is not the case here, where the *non pros* was entered for failure to appear for trial pursuant to Rule 218." ***Id.*** at 6. Thus, the trial court's opinion rightly demonstrated that Rule 237.3 was irrelevant.

Thereafter, Ms. Atuahene changed her appellate issue from a Rule-237.3 challenge to a Rule-218 challenge. Our Rules of Appellate Procedure do not permit an appellant to switch her appellate theories after reading the trial court's 1925(a) Opinion. Accordingly, Rule 1925(b) requires us to dismiss Ms. Atuahene's first appellate issue as waived, because the trial court notified her of the Rule's waiver provision, and she included no claim that the trial court misapplied Pa.R.C.P. 218 in her 1925(b) Statement.

Her first sub-issue is dismissed as waived.

**2.     Refusal to Open the Judgment of *Non Pro***

As her second sub-issue, Ms. Atuahene contends the "denial of [her] Petition to Open Judgment of *Non Pros* constitute[d] gross error of law and manifest abuse of discretion . . . ."  Atuahene's Brief at 2.

"A trial court's decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard."  **Banks v. Cooper**, 171 A.3d 798, 801 (Pa. Super. 2017).  "This means that the trial court's decision will be overturned only if [it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous."  **Id.**

"Relief from a judgment of *non pros* shall be sought by petition.  All grounds for relief . . . must be asserted in a single petition."  Pa.R.C.P. 3051(a).  Where, as here, a plaintiff seeks to open the judgment, "the petition shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action."  Pa.R.C.P. 3051(b).  If a petitioner fails to satisfy any of those prongs, the petition must be denied.  **See**, **e.g., Sullivan v. Belmont Ctr. for Comprehensive Treatment**, 848 A.2d 994, 996 (Pa. Super. 2004) (affirming an order denying petition to open judgment of *non pros*, because plaintiff failed to satisfy the first prong of the test).

Here, the trial court denied Ms. Atuahene's petition, because it found she failed to satisfy the second and third prongs. *See* Trial Court's Opinion, 9/2/22, at 6-7.

Regarding the second prong – whether Ms. Atuahene had a reasonable excuse for failing to appear on March 4, 2022 – the trial court found she did not. The court observed that this was the second time Ms. Atuahene failed to appear for jury selection and the second time that she contended that she did not receive the scheduling order. The trial court stated that, even if she did not receive the scheduling order by U.S. mail, she "failed to check the status of her case, which [was] readily available to the public, for a full three months." *Id.* at 7. Therefore, the court concluded Ms. Atuahene's failure to appear was not "inadvertent, but rather . . . a pattern of improper behavior." *Id.*

As for the third prong – whether her underlying claims were meritorious – the trial court adopted the conclusion of the arbitration panel that the statute of limitations time barred Ms. Atuahene's tort claim. Additionally, the trial court opined that she could not recover uninsured/underinsured benefits from Ms. Agondanou, because such "benefits are a first party coverage available through an individual's insurance (or the insurance for the vehicle in which the person is riding), not through the tortfeasor's insurance." *Id.* at 6. Because the trial court found she could not win on her underlying causes of action, it deemed her remaining counts (for punitive damages and for delay damages) legally untenable.

In response, Ms. Atuahene repeats her argument that the trial court violated Pa.R.C.P. 218, and therefore the entry of the judgment of *non pros* should be declared void. However, a claim that the trial court violated Rule 218 did not appear in Ms. Atuahene's petition to open the judgment of *non pros*.

Rule 3051(a) dictates that "All grounds for relief . . . must be asserted in a single petition." Interpreting this requirement, the Supreme Court of Pennsylvania has explained, "it ensures that the trial court, which is in the best position to rule on the matter in the first instance, shall have an opportunity to do so." **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1000 (Pa. 2001). "Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal." **Id.**

Thus, the requirement of Rule 3051(a) that all grounds for relief must be asserted in a single petition complements Pa.R.A.P. 302(a). Under that Rule, "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, in her petition to open the judgment of *non pros*, Ms. Atuahene did not assert that the trial court should open it due to a prior misapplication of Rule 218. Hence, she did not give the trial court a chance to rule on this theory in the first instance. Under Pa.R.A.P. 302(a) and P.R.C.P. 3051(a), we dismiss any theory or claim that the trial court erred or abused its discretion by misapplying Rule 218 as waived.

In addition, Ms. Atuahene contends the trial court misapplied the statute of limitations to dismiss her tort claim as meritless. The trial court relied upon 42 Pa.C.S.A. § 5524(3). That statute dictates that "actions and proceedings must be commenced within two years . . . to recover damages for injury to . . . property which is founded on negligent, intentional, or otherwise tortious conduct . . . ." **_Id._**

Here, Ms. Atuahene's cause of action for property damage accrued against Ms. Agondanou on the date of the car accident, December 11, 2014. Ms. Atuahene commenced this action four years later. Thus, the trial court's legal conclusion that she filed this cause of action after the statute of limitations expired is correct.

Nevertheless, Ms. Atuahene argues that she brought this action under 42 Pa.C.S.A. § 5532. That statute provides as follows:

> If, when a cause of action accrues against a person, he is without this Commonwealth, the time within which the action or proceeding must be commenced shall be computed from the time he comes into or returns to this Commonwealth. If, after a cause of action has accrued against a person, he departs from this Commonwealth and remains continuously absent therefrom for four months or more, or he resides within this Commonwealth under a false name which is unknown to the person entitled to commence the action or proceeding, the time of his absence or residence within this Commonwealth under such a false name is not a part of the time within which the action or proceeding must be commenced.

42 Pa.C.S.A. § 5532(a).

- 11 -

Ms. Atuahene contends for the first time on appeal that, "between July 2016 and December 8, 2016, [she] attempted to reach Ms. Agondanou by visiting her registered residential address . . . twice a month without success." Atuahene's Brief at 21. She alleges that only teenagers were home when she visited. Ms. Atuahene therefore believes that she "could not file any complaint with the court." *Id.*

First, this Court is not a court of record. As an appellate court, we do not make findings of fact. As such, we have no way of judging the credibility of Ms. Atuahene's claim that she attempted to find Ms. Agondanou at her home in the second half of 2016. Our scope of review is confined to the facts in the certified record. " It is well settled that an appellate court may consider only those facts which have been duly certified in the record on appeal." *Lundy v. Manchel*, 865 A.2d 850, 855 (Pa. Super. 2004). Hence, the factual allegations which Ms. Atuahene raises for the first time in her appellate brief are outside our scope of review.

But even if Ms. Atuahene visited Ms. Agondanou's residence every other week for six months in 2016, that fact, standing alone, would not toll the two-year statute of limitations under 42 Pa.C.S.A. § 5532(a), as a matter of law. To invoke Section 5532(a), a litigant must prove that the defendant was "without the Commonwealth." 42 Pa.C.S.A. § 5532(a). In applying Section 5532(a), this Court has held, if "the plaintiff(s) made a reasonably diligent effort to find the defendant, yet the defendant was not located, then the limitations period will be tolled for the period of time which the defendant **was**

- 12 -

***out of state*** and not located." ***Johnson v. Stuenzi***, 696 A.2d 237, 242–43 (Pa. Super. 1997) (emphasis added).

Thus, in order to invoke the tolling of Section 5532(a), Ms. Atuahene needed to prove to the finder of fact where Ms. Agondanou was (*i.e.*, that she was out of Pennsylvania), rather than where she was not (i.e., not at her last known address on the occasions Ms. Atuahene decided to visit). Simply because Ms. Agondanou was not at home when Ms. Atuahene randomly decided to visit her last known address does not prove that Ms. Agondanou was actually absent from the Commonwealth. It only proves she was not at that location when Ms. Atuahene visited. There are no facts of record, by affidavit, testimony, or otherwise, to prove that Ms. Agondanou was outside Pennsylvania.[2] Thus, Ms. Atuahene may not invoke the tolling provisions of Section 5532(a).

Second, the fact that Ms. Agondanou was not home when Ms. Atuahene visited does not excuse Ms. Atuahene's failure to file her Complaint against Ms. Agondanou during the two-year period for property-damage actions. Ms.

---

[2] Pennsylvania is a big place. The Commonwealth contains 67 counties; 2,560 municipalities; and 5,770,601 residences. ***See*** The United States Census Bureau, "QuickFacts: Pennsylvania," available at https://www.census.gov/quickfacts/fact/table/PA/BZA010220 (last visited 3/7/22). Ms. Agondanou could have been in any one of them when Ms. Atuahene visited Ms. Agondanou's last known address. If she was, Ms. Agondanou would not have been "without this Commonwealth." 42 Pa.C.S.A. § 5532(a). Thus, even if true, Ms. Atuahene's factual allegations of randomly visiting Ms. Agondanou are insufficient, as a matter of law, to apply the tolling statute.

Atuahene could have filed her Complaint and continually praeciped to reinstate it until a process server located Ms. Agondanou.[3]  In fact, Ms. Atuahene admits in her brief that she reinstated her Complaint on several occasions after she filed it in December of 2018.  Thus, her reliance upon 42 Pa.C.S.A. § 5532(a) is unavailing.

Next, in response to the trial court's conclusion that her count for uninsured/underinsure motor benefits is meritless, Ms. Atuahene offers no counterargument.  She only says that the trial court failed to cite any authority to support its conclusion of law.

However, she commits the same oversight.   She cites no law to indicate that her uninsured/underinsured-motor-benefits claim has merit.  In fact, she does not even claim that the trial court's legal conclusion is in error. Accordingly, we dismiss any claim that the trial court misapplied the law of uninsured/underinsured motor benefits as waived.  *See* Pa.R.A.P. 2119(a) (requiring that an appellant's brief shall contain "such discussion and citation of authorities as are deemed pertinent").

Because Ms. Atuahene is not entitled to appellate relief under the third prong of Pa.R.C.P. 3051(b), she fails to persuade us that the trial court abused its discretion by denying the petition to open the judgment of *non pros*.  As

---

[3] "If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon *praecipe* and upon presentation of the original process, or a copy thereof, shall continue its validity by designating the writ as reissued or the complaint as reinstated." Pa.R.C.P. 401(b)(1).

such, we dismiss her second sub-issue as partially waived and partially meritless.

### 3.    Constitutional Claims

Finally, Ms. Atuahene argues the trial court denied her petition to open the judgment of *non pros* "without due process and First Amendment right to a fair hearing and deprived [her] of property rights under Article I, § 1 of the Pennsylvania Constitution." Atuahene's Brief at 2. However, in the argument portion of her brief, she quotes the Fourteenth Amendment to the Constitution of the United States, rather than the First Amendment to the Constitution of the United States or Article I, § 1 of the Constitution of Commonwealth of Pennsylvania. Ms. Atuahene then attempts to relitigate her claim that the trial court misapplied Rule 218 by reframing it as a constitutional question.

She states, "as discussed here before, the trial court's entry of judgment of *non pros* by arbitrarily and capriciously misapplying Rule 218 and [42 Pa.C.S.A.] § 5532 clearly violated [Ms. Atuahene's] substantiative due process." Atuahene's Brief at 32. "In fact, the entry of *non pros* on March 4, 2022, without allowing trial to proceed on March 7, 2022, is violative of both procedural and substantive due process." *Id.* She asserts there is "no rational basis that the trial could not be held without a jury." *Id.* at 33. "So, the only appropriate sanction for [her] failure to appear for the jury selection was to cancel the jury trial and convert the trial to a bench trial." *Id.*

As previously demonstrated, Ms. Atuahene waived any claim that the trial court violated Rule 218 by failing to raise that issue in her Petition to

Open the Judgment of *Non Pros* and in her 1925(b) Statement. As such, she may not resurrect it in the guise of a constitutional claim. Any claim or theory based upon the trial court's failure to follow Rule 218 is waived. Moreover, the trial court correctly did not toll the two-year statute of limitations for Ms. Atuahene's tort claim under 42 Pa.C.S.A. § 5532, because she placed no facts in the record to prove that Ms. Agondanou was outside Pennsylvania following the car accident.

Furthermore, because Ms. Atuahene waived her claims regarding Rule 218, the trial court's application of that Rule, based on its interpretation, was not irrational. The court held that Rule 218 applied at the time of jury selection, and it enforced the sanction for violating the Rule as written – *i.e.*, entry of judgment of *non pros*.[4] Therefore, the trial court was **not** free to impose its own remedy and convert Ms. Atuahene's jury trial into a bench trial to compensate for her failure to appear when the court directed her to do so, as Ms. Atuahene suggests in her brief.

We find no due process violation under the Fourteenth Amendment to the federal constitution or under Article I, § 1 of the state constitution. The final appellate issue is meritless.

Order affirmed.

---

[4] To be clear, because Ms. Atuahene waived her theory regarding Pennsylvania Rule of Appellate 218, we offer no opinion on whether the trial court's application of the Rule at the time of jury selection was correct.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/6/2023*