J-S63006-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| DAPHNERENE PRIVOTT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LEROY COOPER, | : | |
| | : | |
| Appellee | : | No. 617 EDA 2015 |

Appeal from the Order January 22, 2015,
Court of Common Pleas, Philadelphia County,
Civil Division at No. August Term, 2013 No. 1230, Control No.

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED NOVEMBER 02, 2015**

Daphnerene Privott ("Privott") appeals from the January 22, 2015 order entered by the Philadelphia County Court of Common Pleas denying her request for relief from a judgment of non pros.  Upon review, we affirm.

The trial court provided the following summary of the procedural history of this case:

> This case arose from an August 2011 motor vehicle accident.  [Privott] initiated the action by filing a [w]rit of [s]ummons on the last day of the statute of limitations.  The matter was placed in this court's [c]ompulsory [a]rbitration [p]rogram. According to the docket, [Privott] never served or attempted to serve the [w]rit of [s]ummons.
>
> Although [the defendant, Leroy Cooper ("Cooper"),] had not yet been served, counsel for [Cooper] filed a [p]raecipe requesting the [p]rothonotary [to] issue a [r]ule on [Privott] to file a [c]omplaint.  The [r]ule was issued on October 18, 2013, directing [Privott] to file a [c]omplaint within

twenty days. According to the dockets[,] the [c]omplaint was not filed until September 29, 2014.

Soon thereafter[,] the matter was transferred to the [m]ajor [j]ury [p]rogram and scheduled for a [c]ase [m]anagement [c]onference. [Privott] and [Privott]'s counsel failed to appear. The [c]onference was continued twice and finally remanded back to the [c]ompulsory [a]rbitration [p]rogram.

An [a]rbitration hearing was scheduled for June 26, 2014. The day before the hearing, [Privott]'s counsel requested a continuance because he was sick and could not attend. The request was granted and a hearing was rescheduled for August 22, 2014. The court then rescheduled the hearing for September 23, 2014. [Privott]'s counsel then filed another continuance request the day before the rescheduled [a]rbitration. This time [Privott]'s counsel claimed he had to appear before the Supreme Court in Harrisburg on the morning of the [a]rbitration. The continuance was granted and the hearing was rescheduled for September 30, 2014.

[As stated above, Privott] filed the complaint on September 29, 2014, over a year after the action was commenced. According to the docket, [Privott] never served or attempted to serve the [c]omplaint. [Privott] also never requested alternative service.

[Privott] failed to appear for the September 30, 2014 [a]rbitration. A [r]ule was issued against [Privott] to show cause why a judgment of non pros should not be entered for [Privott]'s failure to attend the [a]rbitration. The [r]ule hearing was scheduled for November 18, 2014.

[Privott] failed to appear for the [r]ule hearing. Accordingly, [the trial] court finding that [Privott] failed to appear at the [a]rbitration and failed to appear at the [r]ule hearing[] entered a judgment of non pros.

On December 18, 2014, [Privott] filed a [p]etition for [r]elief from the [j]udgment of [n]on [p]ros. After reviewing the [p]etition and response [from Cooper], this court denied the [p]etition. This appeal followed.

Trial Court Opinion, 5/8/14, at 1-3 (pagination added).

On appeal, Privott raises two issues for our review:

I.    The [t]rial [c]ourt erred by denying [] Privott's [p]etition for [r]elief from the [j]udgment of [n]on [p]ros.

II.   The [t]rial [c]ourt abused its discretion and committed reversible error by entering a [j]udgment of [n]on [p]ros, stating that [Privott] failed to appear at a scheduled arbitration[] when both [Privott] and [Privott]'s [c]ounsel were present.

Privott's Brief at 4.

We review a trial court's denial of a petition to open or strike a judgment of non pros for an abuse of discretion. *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 382 (Pa. Super. 2011). In order to be entitled to relief from the judgment of non pros for inactivity on a case, the petitioner is required to plead and prove the following:

(1) the petition is timely filed,

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of non pros does not support a finding that the following requirements for entry of a judgment of non pros for inactivity have been satisfied:

- 3 -

> (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,
>
> (ii) the plaintiff has failed to show a compelling reason for the delay, and
>
> (iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051(c).

In her first issue on appeal, Privott contends that this Court should reverse the trial court's decision simply because she promptly sought relief from the judgment of non pros. Privott's Brief at 8-9. She includes no additional argument in support of her first issue addressing the other elements required for relief from a judgment of non pros. *See id.* This is particularly troublesome because the trial court did not deny her request for relief based upon her failure to promptly file her motion. To the contrary, the trial court found that her petition for relief from the judgment of non pros was "arguably timely."[1] Trial Court Opinion, 5/8/14, at 6. Rather, the trial court denied her motion based upon its finding "that the requirements for the entry of a judgment of non pros for inactivity have been satisfied." *Id.* at 6. Specifically, the trial court points to the record evidence that

---

[1] Although Privott did not file her motion for relief from the judgment of non pros until December 18, 2014, a month after the trial court entered the judgment of non pros, she presented evidence at the trial court level, in the form of emails, supporting the conclusion that she attempted to electronically file her motion within ten days of the entry of judgment, but encountered technical difficulties.

Privott never served or attempted to serve the writ of summons upon Cooper; did not file her complaint with the twenty-day timeframe provided, waiting until more than a year after the expiration of the statute of limitations for her cause of action to file her complaint in this matter; failed to serve or even attempt to serve Cooper with a copy of the complaint; and failed to show for scheduled hearings on the matter after numerous continuances were granted at Privott's request. *Id.* at 4. Neither Privott nor her counsel provided any reason for failing to serve Cooper with either filing or for their failure to attend the September 30, 2014 arbitration hearing. *Id.* The trial court further found that Cooper was prejudiced by the delay, as the accident in question occurred over three years prior to the filing of the complaint, and the statute of limitations had long expired without service or a good faith effort to serve Cooper with the complaint. *Id.* at 4-5. The trial court thus concluded that [Privott] showed a want of due diligence in failing to proceed with reasonable promptitude, failed to offer a compelling reason for her delay, and the delay in prosecuting her claim caused prejudice," warranting the entry of a judgment of non pros. *Id.* at 6-7.

Pursuant to the argument raised by Privott, we have no basis upon which to reverse the trial court's decision. As Privott raises no argument in opposition to the findings made by the trial court, we can discern no abuse of discretion in the trial court's decision to deny her request for relief.

As her second issue on appeal, Privott asserts that the trial court erred and abused its discretion by finding that she was not present at the September 30, 2014 arbitration hearing, as both she and her counsel were present. Privott's Brief at 10. Privott raises this argument for the first time on appeal. The record reflects that in all of her filings, Privott never contested the trial court's finding that she was absent from the September 30, 2014 arbitration hearing. It is axiomatic that arguments not raised below are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2015