J-A25029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANTHE GELOK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID R. BRYCE, D.O.; DAVID C. PRESTOSH, D.O.; ST. LUKE'S UNIVERSITY HEALTH NETWORK; ST. LUKE'S AND ST. LUKE'S UNIVERSITY HOSPITAL | |
| Appellee | No. 842 EDA 2015 |

Appeal from the Order Entered February 18, 2015
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2014-C-3495

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 14, 2015**

Appellant, Dianthe Gelok, appeals from the February 18, 2015 order denying her petition for relief from a judgment of *non pros* (JNP) entered in favor of Appellees, David R. Bryce, D.O., Luke University Health Network, and St. Luke's and St. Luke's University Hospital.[1]  After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The JNP appears not to have been entered in favor of David C. Pretosh, D.O.  Nevertheless, an order denying a petition to open or strike a judgment is an interlocutory appeal of right.  Pa.R.A.P. 311(a)(1).

We summarize the procedural background of this case as follows.  On October 31, 2014, Appellant filed a complaint alleging three counts of negligence in the form of medical malpractice, and one count each of vicarious liability, ostensible agency, and corporate liability.  As Appellant did not file certificates of merit with her complaint sounding in professional liability, they were due on December 30, 2014.  ***See*** Pa.R.C.P. 1042.3(a) (stating that the certificate of merit shall be filed "with the complaint or within sixty days after the filing of the complaint[]").  Additionally, Appellees were permitted to file their notice of intention to seek JNP for failure to file certificates of merit beginning on December 1, 2014.[2]  ***See id.*** at 1042.6(a) (stating that a defendant may file its intention to seek JNP "no sooner than the thirty-first day after the filing of the complaint[]").

On December 9, 2014, as Appellant had not filed her certificates of merit, Appellees filed notice of their intention to enter JNP against Appellant for her failure to file a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3.  Appellees filed a praecipe for a JNP on January 13, 2015, which was entered the same day.  Appellant filed her certificates of merit as well as a petition for relief from the JNP pursuant to Rule 3051 on

---

[2] We note that the 30th day from the date Appellant filed her complaint was November 29, 2014, which fell on a Saturday.  When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  Therefore, the first day for Appellees to file their notice was on Monday, December 1, 2014.

January 20, 2015, along with a memorandum of law in support thereof.

Appellees filed their answer and a memorandum of law on February 5, 2015.

The trial court heard argument on Appellant's petition on February 18, 2015.

That same day, the trial court entered an order denying Appellant's Rule

3051 petition.  Appellant filed a motion for reconsideration on February 25,

2015, which the trial court denied on March 9, 2015.  On March 19, 2015,

Appellant filed a timely notice of appeal.[3]

On appeal, Appellant presents one issue for our review.

> Whether the [trial c]ourt erred in denying
> [Appellant]'s petition for relief from a [JNP] where
> [Appellees] failed to serve her with a time-stamped
> copy of their notice of intent to enter [JNP] until she
> was served with one as an attachment to their
> Praecipe for [JNP]?

Appellant's Brief at 6.

_____

[3] On March 27, 2015, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal within 21 days, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant timely filed her statement on April 10, 2015.

On May 1, 2015, the trial court filed a "statement" pursuant to Rule 1925(a), in which it stated it "adopts and incorporates [t]herein the reasoning set forth in the Memorandum of Law in support of Defendants' Opposition to Plaintiff's Petition for Relief from Judgment of Non Pros filed February 5, 2015." Trial Court Statement, 5/1/15, at 1.  Our Supreme Court has expressly disapproved of the practice of trial courts adopting briefs filed by litigants in their Rule 1925(a) opinions. **Commonwealth v. Williams**, 732 A.2d 1167, 1176 (Pa. 1999).  On September 28, 2015, this Court remanded this case to the trial court for a supplemental opinion.  Superior Court Order, 9/28/15, at 1.  The trial court filed its supplemental opinion on October 22, 2015, and the certified record was returned to this Court.

At the outset, we observe that Rule 3051 governs petitions for relief from JNPs, and states that such a petition may seek to either open or strike the judgment.[4] Pa.R.C.P. 3051(a). We begin with our well-settled standard of review.

> A request to open a [JNP], like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the [JNP] to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action. A petition under Rule 3051 is the only means by which relief from a [JNP] may be sought. Any appeal related to a [JNP] lies not from the judgment itself, but from the denial of a petition to open or strike. Finally, failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying [JNP].
>
> A trial court's decision to deny a petition to open or strike a [JNP] is scrutinized on the abuse of discretion standard of appellate review.

*Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 381-382 (Pa. Super. 2011) (internal quotation marks and citations omitted), *appeal denied*, 40 A.3d 1237 (Pa. 2012).

---

[4] Although Appellant's petition only used the word "strike," Appellant's memorandum of law in support of her petition, argued that she has satisfied the three elements of Rule 3051(b), regarding petitions to open. Appellees argued Rule 3051(b) on its merits before the trial court, and both parties have argued the issue as one under Rule 3051(b) in this Court. N.T., 2/18/15, at 9; Appellant's Brief at 12-13; Appellees' Brief at 4. We therefore decline to find waiver in this instance.

In this case, the only element of Rule 3051(b) that is in dispute is whether Appellant's "default or delay [was] reasonably explained or excused[.]" *Id.* at 381. Appellant argues that her delay should be excused because Rule 1042.7(a) required Appellees to serve her with a **time-stamped** copy of their notice of intention to seek JNP. Appellant's Brief at 17. According to Appellant, the reason the Rules collectively imply a time-stamped copy is to be served, is to provide her with notice as to when the 30-day clock for filing of the praecipe began. *Id.* Appellees counter that the Rules do not require the notice to be time-stamped, only that Appellant be served with a copy of the same. Appellees' Brief at 4.

Rule 1042.7 authorizes a defendant to seek JNP if the plaintiff has not filed a certificate of merit and the plaintiff has not filed a motion with the trial court seeking either an extension of time or a judicial determination that one is not required. Pa.R.C.P. 1042.7(a). Rule 1042.6(a) states, with few exceptions not relevant to this case, "a defendant seeking to enter a [JNP] under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint." *Id.* at 1042.6(a). Once the defendant completes this step, "the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the [JNP]." *Id.* at 1042.7(a)(4). Appellant avers that because the Rules require the notice to be filed and served on her,

"[t]his implies that a time-stamped copy of the notice must be provided to [Appellant] so as to put her on notice of the date the 30 days begins to run under Rule 1042.7(a)."[5]  Appellant's Brief at 17.  However, we have held that the prothonotary's act of time-stamping a document is a mere "ministerial act" that does not control the filing of the notice, rather the notice "is filed when received by the prothonotary[.]"  **Griffin v. Cent. Sprinkler Corp.**, 823 A.2d 191, 197 (Pa. Super. 2003) (stating that the trial court wrongly concluded that, "[the a]ppellant's praecipe [to backdate a writ of summons] had not been 'filed' until it had been time-stamped by a clerk in the prothonotary's office[] … [rather,] a document is filed when received by the prothonotary, regardless of when it is later time-stamped[]"); **accord** Pa.R.C.P. 205.1.

Nothing explicitly in the text of Rules 1042.6 or 1042.7 requires that a document served on an opposing party be a time-stamped copy. Importantly, the pertinent Rule's text states that "a defendant seeking to

---

[5] In this case, Appellees' notice was dated December 4, 2014, although it was not time-stamped until December 9, 2014.  Therefore, Appellant was aware that Appellees had until Monday, January 5, 2015 before JNP would be sought, as the 30th day, January 3, 2015, was a Saturday.  **See generally** 1 Pa.C.S.A. § 1908.  However, since the notice was not time-stamped until December 9, 2015, JNP could not be entered until January 8, 2015.  We further note that Appellant acknowledged receiving not only a copy of this notice, but also a copy of Appellees' letter to the trial court, dated December 4, 2014, asking the clerk of courts to file the original copy of record.  **See** Appellant's Petition for Relief from JNP, 1/20/15, at ¶ 3, Exhibit B.

enter a [JNP] under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint." *Id.* at 1042.6(a). The use of the word "and serve it" in Rule 1042.6(a) refers back to the notice as its antecedent. At most, the text places a duty on the defendant to send a copy to the trial court for filing and serve a copy of the same on opposing counsel simultaneously. This is because Rule 205.1 explicitly permits the filing of documents with the trial court by mail. *See* Pa.R.C.P. 205.1 (stating, "[a]ny legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary, sheriff or other appropriate officer accompanied by the filing fee, if any. Neither the party nor the party's attorney need appear personally and present such paper to the officer[]").

In this case, the trial court found the following and concluded that Appellant's argument was meritless.

> Here … Appellant took no steps to comply with Pa.R.C.P. 1042.3. Appellant was on notice from the date of the filing of the complaint on October 31, 2014, that to comply with Pa.R.C.P. 1042.3, the certificates of merit needed to be filed by December 30, 2014. Appellant then received an additional reminder about the certificates of merit when she received the December 4, 2015, letter from counsel for [] Appellees with [an] attached letter to the Clerk of Courts dated December 4, 2014, asking the Clerk to file the enclosed Notice of Intention to Enter [JNP]. The Notice of Intention to Enter [JNP] was attached to the December 4, 2014, letter and was in substantially the form prescribed by Pa.R.C.P.

- 7 -

> 1042.6(d) and warned Appellant that if a certificate of merit was not filed within thirty (30) days of the date of the filing of this notice, Appellees would enter a [JNP] against [] Appellant. It requires no leap of logic for Appellant to conclude based upon the dated letter to the Clerk of Courts and the enclosed Notice of Intention to Enter [JNP], that the Notice would be filed upon receipt by the Clerk of Courts. Appellant took no steps at any time to seek an extension of time to file the Certificates of Merit after receiving the December 4, 2014, letter and notice. … After receiving the December 4, 2014, letter and notice, Appellant did not check the docket to ensure that the certificates of merit had been filed or contact opposing counsel to inquire as to why he thought the certificates of merit had not been filed, but instead, determined, "somebody's confused here … maybe they'll figure it out." [N.T., 2/18/15, at 4-5]. Appellant did not check the docket on or before December 30, 2014, to ensure that the mistake was not her own. Instead, it was not until the entry of the [JNP], that Appellant concluded, "oh, it wasn't filed." **Id.**

Trial Court Opinion, 10/22/15, at 11-12.

After careful review, we conclude Appellant is not entitled to relief. As the trial court pointed out, Appellant's certificates of merit were due on December 30, 2014. Appellant took no steps to comply with Rule 1042.3, by either consulting the docket, opposing counsel, or filing a motion for an extension of time under Rule 1042.3(d). As the trial court noted, to conclude that a defendant's failure to serve a time-stamped copy of the notice excuses a failure to comply with the independent 60-day filing period "would eviscerate Pa.R.C.P. 1042.3." **Id.** at 12. Based on these

considerations, we decline Appellant's invitation to read into Rule 1042.7(a), an additional requirement of serving a time-stamped copy.

In the alternative, Appellant argues that Rule 126 excuses her failure to timely file certificates of merit. Rule 126 states that the trial court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. Our Supreme Court has held that Rule 126 does apply to Rule 1042.3's requirement for the filing of a certificate of merit. ***Womer v. Hilliker***, 908 A.2d 269, 276 (Pa. 2006).

In ***Womer***, the plaintiff did not file a certificate of merit, but instead sent opposing counsel a report that plaintiff believed contained the same information and contended this report substantially complied with Rule 1042.3. ***Id.*** at 278. Our Supreme Court rejected plaintiff's argument, stating that "this was no procedural misstep within the meaning of Pa.R.C.P.No. 126[, rather i]t was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126." ***Id.***

In this case, the trial court concluded that Rule 126 did not entitle Appellant to open the JNP, based on the following.

> Here, Appellant realized that someone was mistaken about the filing/not filing of the certificates of merit after receiving the letter dated December 4, 2014, but neglected to look at the docket to ensure that the certificates of merit had been filed until after receiving the entry of [JNP] on January 13, 2015. This is no mere inadvertent mistake or oversight by Appellant's counsel, but rather reflects an indifferent

- 9 -

> attitude towards the consequences of failing to follow the Pennsylvania Rules of Civil Procedure[.]
>
> …
>
> While the [trial c]ourt may consider prejudice under Pa.R.C.P. 126, as the Pennsylvania Supreme Court stated in ***Wormer*** [sic], "Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts." [***Womer***, ***supra***] at 272. As Appellant did not make a substantial effort to conform to Pa.R.C.P. 1042.3, Pa.R.C.P. 126 (and whether Appellees suffered prejudice) should not be considered as a factor in analyzing whether or not to deny Appellant's Petition for Relief from [JNP].

Trial Court Opinion, 10/22/15, at 14-15.

In this case, the record supports the trial court's conclusion. Appellant did not make any attempt to substantially comply with Rule 1042.3 until seven days after JNP was entered against her. As noted above, Appellant did not consult the docket, opposing counsel, or file a motion for an extension of time under Rule 1042.3(d). Under such circumstances, the trial court correctly applied ***Womer*** to conclude that this was not a case where an attempt to substantially comply with Rule 1042.3 was shown. Therefore,

considering all of the above, we are required to conclude Appellant's alternative argument on appeal does not entitle her to relief.[6]

Based on the foregoing, we are constrained to conclude the trial court did not abuse its discretion when it denied Appellant's Rule 3051 petition. **See Madrid**, **supra**. Accordingly, the trial court's February 18, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015

---

[6]  Appellant argues in the alternative that the trial court's order should be reversed because even if she does not have a reasonable excuse for the delay, Appellees were not prejudiced. We recognize that the Rule 3051 petition which included the certificates of merit was filed promptly after the entry of JNP. Thus, the certificates of merit were filed 21 days after their due date. However, as the trial court pointed out, Rule 3051(c) requires a showing of actual prejudice to obtain a JNP for inactivity. Pa.R.C.P. 3051(c)(3)(iii). However, a petition to open a JNP generally under Rule 3051(b) does not contain such a requirement. **See generally** Trial Court Opinion, 10/22/15, at 15.