J-A08018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR PORF-2013-S3-REMIC TRUST, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE PEREZ, | |
| Appellant | No. 1262 EDA 2015 |

Appeal from the Judgment Entered June 16, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-1920

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　**FILED JUNE 08, 2016**

Appellant, Jose Perez, appeals *pro se* from the judgment entered on June 16, 2015.  We affirm.

As our disposition is based upon the procedural posture of this case, we focus on the relevant procedural history of this case.  On March 4, 2013, U.S. Bank[1] instituted the instant mortgage foreclosure proceeding.  On August 21, 2013, Appellant filed preliminary objections.[2]  In those preliminary objections, he argued that the trial court lacked subject matter

---

[1] For simplicity, we refer to U.S. Bank National Association and all of its predecessors-in-interest, both individually and collectively, as U.S. Bank.

[2] Appellant titled the filing a motion to dismiss.

* Retired Senior Judge assigned to the Superior Court

jurisdiction. On October 25, 2013, the trial court overruled Appellant's preliminary objections.

Trial commenced in January 2015. On March 10, 2015, the trial court entered findings of fact and conclusions of law and found in favor of U.S. Bank. On March 20, 2015, Appellant filed a post-trial motion. On March 25, 2015, the trial court denied the post-trial motion. On April 24, 2015, Appellant filed a notice of appeal.[3] The trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). Thereafter, Appellant filed a concise statement and the trial court issued a Rule 1925(a) opinion.

Appellant presents ten issues for our review:

1. Did [U.S. Bank] ever demand the full unpaid principle due immediately from Appellant in writing pursuant to the mortgage contract?

2. Is an Act 91 Notice an action to be taken before a mortgagee can exercise its acceleration rights?

3. Did [U.S. Bank] present a forged signature [f]ixed [r]ate [n]ote to the [t]rial [c]ourt?

4. Did [U.S. Bank] take affirmative action to let it be known to Appellant that [U.S. Bank] exercised its acceleration rights?

5. Is [U.S. Bank's] foreclosure proceeding premature?

6. Did [U.S. Bank] send Appellant a [n]otice of [a]cceleration and [o]pportunity to [c]ure pursuant to the mortgage contract?

---

[3] The notice of appeal was premature as judgment had not been entered against Appellant. Therefore, this Court remanded the case to the trial court which entered judgment against Appellant on June 16, 2015. Appellant's notice of appeal is considered filed as of that date. *See* Pa.R.A.P. 905(a)(5).

- 2 -

7. Did [U.S. Bank] perform all conditions precedent to commencing its foreclosure action?

8. Did [U.S. Bank] exercise its acceleration rights prior to filing for foreclosure?

9. Has [U.S. Bank] pleaded all material facts to have a perfected or completed [a] cause of action?

10. Did [U.S. Bank] aver that all conditions precedent to filing its foreclosure complaint were performed?

Appellant's Brief at 1-2.[4]

"Prior to addressing the substance of [Appellant's arguments] we must determine whether [he] properly preserved [the issues]. An appellant's failure to include an issue in [his] Rule 1925(b) [concise] statement waives that issue for purposes of appellate review." **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011) (citation omitted); **see** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [concise s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Appellant's concise statement read as follows:

[Appellant] complains that the trial court['s] order denying [Appellant's post-trial motion] was based upon bias and prejudice opinions that [do not] support the trial court['s] order. The trial court [] denied [Appellant's post-trial motion] without allowing [U.S. Bank] to respond to [Appellant's] post-trial motion accordingly. [Appellant] filed a [post-trial motion] within a timely manner and [U.S. Bank] had ten days to respond to the [m]otion. [U.S. Bank's] foreclosure action was commenced prematurely due to the fact that [U.S. Bank] failed to fulfill all

---

[4] We have re-numbered the issues for ease of disposition.

- 3 -

conditions precedent to filing a foreclosure action, which in this action, is also fulfilling all provisions within the mortgage contract [so that U.S. Bank may be] granted relief through such contract. [U.S. Bank] failed to exercise its acceleration rights by accelerating the mortgage debt pursuant to the mortgage contract. [U.S. Bank] failed to send [Appellant] a [n]otice of [a]cceleration and [o]pportunity to [c]ure pursuant to [the m]ortgage contract prior to commencing its foreclosure action against [Appellant. U.S. Bank] also failed to state a claim upon which relief can be granted.

Concise Statement, 5/27/15, at 1. Appellant did not raise his first, second, or third issue in his concise statement. As such, those issues are waived.[5]

Appellant's fourth, fifth, sixth, seventh, and eighth all relate to the sufficiency of the evidence at trial. The certified record in this case is devoid of a transcript of the trial in this matter and there is no transcript request from Appellant in the certified record. As this Court has explained:

With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). . . . When the appellant [] fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. . . . It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) (certain internal citations omitted).

---

[5] Even if we were to conclude that Appellant's concise statement could be broadly construed to include issues one through three, we would find that these issues were waived for the same reason that Appellant's issues four through eight are waived, as discussed ***infra***.

We cannot evaluate Appellant's fourth through eighth claims without the trial transcript. As Appellant failed to request transcription of the notes of testimony, and the trial transcript is not contained within the certified record, Appellant's fourth through eighth issues are waived. **See** Pa.R.A.P. 1911(d); **Preston**, 904 A.2d at 7.

In his ninth and tenth issues, Appellant argues that U.S. Bank was required to plead that it had accelerated the mortgage and that U.S. Bank failed to so plead. In essence, Appellant argues that the trial court erred by overruling his preliminary objections. This argument is waived.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In his preliminary objections, Appellant only argued that the trial court lacked subject matter jurisdiction over the case. He did not argue that U.S. Bank failed to state a claim upon which relief could be granted. Accordingly, he waived his argument that the trial court should have sustained a preliminary objection in the nature of a demurrer. As Appellant has waived all ten of his issues, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/8/2016</u>