J-A29026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOWANDALY GRAHAM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAVANNAH HAMMOND | : | No. 634 EDA 2018 |

Appeal from the Order Entered January 22, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 160601774

BEFORE: OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 05, 2019**

Appellant, Jowandaly Graham, appeals from the Order entered January 22, 2018, which denied her Motion to Vacate Order of *Non Pros* (Petition). As we discern no abuse in the trial court's discretion, we affirm.

We derive the following statement of background from the court's Opinion. ***See generally*** Trial Court Op., filed July 3, 2018.

This case arose from a motor vehicle accident that occurred in June 2014. The court referred the case to Arbitration. On July 25, 2017, Appellant failed to appear for her hearing. The court issued a Rule, returnable October 3, 2017, requiring Appellant to show cause why a Judgment of *Non Pros* should not be entered for her failure to attend the Arbitration.

Appellant failed to appear at the Rule hearing in October 2017. Counsel appeared on Appellant's behalf but offered no definitive explanation for her

_____

* Former Justice specially assigned to the Superior Court.

absences. N.T. Rule Hearing, 10/3/17, at 2. Thus, the court entered Judgment of *Non Pros*. **Id.** at 3.

In November 2017, Appellant filed a Petition, seeking to open the Judgment. Appellant offered two explanations for her absences. According to Appellant, she missed the Arbitration because she had "mis-calendared" the date and missed the Rule hearing because she had a work obligation "as a [c]ourt [r]eporter for the Philadelphia court system." Petition, 11/2/1, at ¶¶ 4, 7. The court denied her Petition.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued an Opinion in response, explaining that Appellant's Petition did not "adequately explain her failure to appear at both the [R]ule hearing as well as [A]rbitration." Trial Court Op. at 2 (unpaginated).

Appellant raises two issues on appeal:

1. [Whether] the trial court abuse[d] its discretion or commit[ed] an error of law in entering the [O]rder of January [22], 2018[,] denying Appellant's [Petition][; and]

2. [Whether] the trial court abuse[d] its discretion or commit[ed] an error of law in entering the [O]rder of January [22], 2018[,] denying Appellant's [Petition,] where [A]ppellant's failure to appear at the Rule hearing was due to an unavoidable work conflict within the [c]ourt system[.]

Appellant's Br. at 2-3.[1]

---

[1] Our analysis reflects that Appellant has argued a single issue on appeal.

Appellant contends the trial court abused its discretion when it denied her Petition.  Appellant's Br. at 5.  In so doing, Appellant reiterates that her first failure to appear was inadvertent and asserts that her second was the result of an unavoidable work conflict.  *Id.*  According to Appellant, her work conflict left her with an impossible choice "between her duties to the [c]ourt as an employee and her obligations as a litigant."  *Id.* at 6.  Appellant asserts that Appellee Hammond has suffered no prejudice from Appellant's absences, that Hammond's negligence is without question, and that all medical records and testimony has been preserved to establish Appellant's damages.  *Id.* at 7.  Thus, Appellant asks that we reverse the trial court.  *Id.*

"A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action."  *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 381 (Pa. Super. 2011) (quotation marks and citation omitted); Pa.R.C.P. 3051.

We review a court's decision to deny a petition to open or strike a judgment of *non pros* for an abuse of discretion.  *Madrid*, *supra* at 382.

In denying relief, the trial court noted that it had not granted Appellant leave to be absent from the hearings and determined that her excuses were without merit. **See** Trial Court Op. at 3 (unpaginated).

At the Rule hearing, counsel for Appellant conceded that Appellant knew of the Rule hearing but that counsel had not been able to contact her by "phone or by email over the last day or so." N.T. Rule Hearing at 2. Thus, not only did she fail to appear, Appellant also failed to inform her counsel of any unavoidable work conflict. As Appellant is an employee of the Philadelphia court system, she should be well aware of her obligations to the court. **See** N.T. Rule Hearing at 2; Petition at ¶ 7. We note further that Appellant failed to provide any documentary support for her assertion that she had a work obligation that caused her absence. In our view, her failure to appear or, alternatively, to seek a continuance is fatal. Accordingly, we discern no abuse of the court's discretion. **See Madrid**, **supra** at 382.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/19